

FILED

APR 2 8 2025

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,           )
                    Plaintiff,      )
                                    )       Case No. 21-CR-361
v.,                                 )
                                    )
CAMERON KELLY McABEE,               )
                    Defendant.      )

---

MEMORANDUM OF FACTS AND LAW IN SUPPORT OF
McABEE'S MOTION UNDER 28 U.S.C. §2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE

---

Comes now Cameron Kelly McAbee, <u>pro se</u>, hereby respectfully sub-
mitting his Memorandum of Facts and Law In Suppost of his Motion
Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct his Sentence.

## INTRODUCTION

McAbee was charged in a four-count indictment on August 17,
2021. [DE 15]  After conferring with counsel, McAbee entered
a plea of guilty on May 5, 2022 to each of the four counts:
violations of 18 U.S.C. §2251(b) and (e); 18 U.S.C. §2252(a)(2)
and (b)(1); and 18 U.S.C. §2252(a)(4) and (b)(2). [DE 33]
McAbee entered his plea pursuant to an agreement with the
government. [DE 37]  At that time, McAbee understood his Plea
Agreement would yield a sentence of about twenty-years or less.



McAbee came to this understanding based upon his communication with counsel and the resulting advice.

On August 25, 2023, This Court sentenced McAbee to an aggregate sentence of life imprisonment.  This surprised McAbee entirely. McAbee then filed a Notice of Appeal. [DE 57]  McAbee's direct appeal was subsequently dismissed due to the government asserting the appellate waiver provision contained in McAbee's Plea Agreement.  This Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct the sentence now follows.

ARGUMENT

The Sixth Amendment to the United States Constitution guaranttes a criminal defendant the right to counsel during all important stages of the proceedings.  Plea negotiations are such an important stage where a defendant is "entitled to the assistance of competent counsel." McMann v. Richardson, 397 U.S. 759, 771 (1970); see also Hill v. Lockhart, 474 U.S. 52, 57 (1985); Lafler v. Cooper, 566 U.S. 156, 165 (2012).

The crux of the argument here is that McAbee received ineffective assistance of counsel during the plea negotiations, and McAbee would not have pled guilty had counsel rendered Constitutionally effective advice regarding the decision to enter the plea of guilty. See Wanatee v. Ault, 259 F.3d 700, 703-704 (8th Cir. 2001).

-2-

Of course, Courts are familiar with the two-part test regarding
claims of ineffective assistance of counsel found in <u>Strickland
v. Washington</u>, 466 U.S. 668 (1984). In order to prevail, a defen-
dant must first show counsel's "performance was deficient," and
then show that the deficient performance "prejudiced the de-
fense." <u>Id.</u>, at 687. "[I]n any case presenting an ineffectiveness
claim, the performance inquiry must be whether counsel's assis-
tance was reasonable considering all the circumstances." <u>Id.</u>,
at 688. A petitioner must show that "there is a reasonable pro-
bability that, but for counsel's unprofessional errors, the
result of the proceeding would have been differerent."<u>Ibid.</u>

In terms of a guilty plea, if the plea is induced by promises
or threats which deprive it of the character of a voluntary act,
it is thus void. <u>Machibroda v. United States</u>, 368 U.S. 487, 493
(1962). A conviction based upon such a plea is open to collateral
attack. See <u>Walker v. Johnston</u>, 312 U.S. 275 (1998); <u>Shelton
v. United States</u>, 356 U.S. 26 (1976). The ultimate determina-
tion to be made is whether the plea was coerced or otherwise
invalid. See <u>United States v. Follette</u>, 395 F.2d 721 (2d Cir.
1968).

Certainly. if an attorney recklessly promises his client that
a specific sentence will follow upon a guilty plea, or otherwise
unfairly holds out an assurance of leniency in exchange for the
plea of guilty, the question arises whether such assurances
were coercive, or whether such representation may be deemed

-3-

Constitutionally ineffective. <u>Brown v. Beto</u>, 377 F.2d 950
(5th Cir. 1967). And while an erroneous sentence estimate by
defense counsel does not rise to the level of ineffectiveness,
see <u>Baily v. United States</u>, 312 F.2d 679 (10th Cir. 1963), an
assurance of the sentence clearly crosses the line. Accordingly,
A plea may not be voluntary when an attorney materially misin-
forms the defendant of the consequences of the plea or the Court's
probable disposition. <u>Blackledge v. Allison</u>, 431 U.S. 63, 75
n. 8 (1977); <u>Worthen v. Meachum</u>, 842 F.2d 1179, 1182 (10th Cir.
1988). Counsel's unfair representation of what the sentence
will be may be found to be coercive. <u>United States v. Estrada</u>,
849 F.2d 1304, 1306 (10th Cir. 1988)(citing <u>Wellnitz v. Page</u>,
420 F.2d 935, 936 (10th Cir. 1970)). The sentence imposed "is
a direct consequence" of a guilty plea. <u>Holmes v. United States</u>,
876 F.2d 1545 (11th Cir. 1989).

Here, it was counsel's advice that prompted and convinced McAbee
to enter his plea of guilty. McAbee is not skilled or educated
in law or legal procedure. He had little choice but to rely
on his lawyer's calculation of his sentence. And there is more
than just McAbee's "word" for this. Counsel vigorously argued
at sentencing for the sentence he promised McAbee would result.
And although the appeal was dismissed, the appellate attorney
provided those printouts which were shown to McAbee to induce
his plea of guilty, all consistent with the claims made herein.

-4-

The plea agreement between McAbee and the government was nothing
more than a windfall for the government.  While it offered McAbee
literally nothing for his timely plea of not guilty.  No competent
counsel could ever advise a defendant to enter a plea of guilty
to a sentence of life imprisomment, especially where a sentence
of death is not available.  Plea agreements are supposed to
benefit both parties.  Here, there was no benefit to McAbee what-
so ever.

Bottom line, had it not been for counsel's faulty and erroneous
advice, McAbee would hve proceeded to trial.  And that is not
to mention that counsel failed to make sure McAbee fully under-
stood the plea agreement, and that he would not be able to appeal
due to the waivers therein.  Even as the sentence of life imprison-
ment was pronounced, McAbee still believed that he maintained
his rights to appeal the sentence.  It could not be more clear
that counsel's errors were unconstitutionally inadequate.

By failing to correctly calculate McAbee's Guideline sentence,
and advising McAbee that the twenty year sentence was forthcoming,
McAbee's counsel rendered ineffective assistance of counsel as
defined by the two-part Strickland test articulated above.  Had
McAbee known his actual Guidelines, and had counsel properly
notified McAbee as to his actual sentencing exposure and proba-
bility of the outcome, McAbee would have insisted on his Con-
stitutional right to trial by jury, and maintained his full
spectrum of appellate rights.

-5-

## CONCLUSION

Wherefore, McAbee prays that This Honorable Court will grant
his Motion Under §2255 to Set Aside, Vacate, or Correct hi Sen-
tence.  He has proven that counsel performed unconstitutionally
by rendering ineffective assistance of counsel.  McAbee requests
the plea agreement to be voided, and a date set for trial in
the instant matter, or whatever remedy This Court finds adequate.


Respectfully Submitted,


Cameron Kelly McAbee
Reg. No. 57353-509
United States Penitentiary Terre Haute
PO Box 33
Terre Haute, IN  47808

## CERTIFICATE OF SERVICE

I do hereby certify, pursuant to 28 U.S.C. §1746 and the laws
of perjury of the United States, that the foregoing Motion Under
§2255 to Vacate, Set Aside, or Correct Sentence is true and accu-
rate to the very best of my ability, and was entered into the
prison mail system, for mailing via United States Postal Service
with First Class postage prepaid, addressed to:

    Clerk of the Court
    United States District Court
    333 West Fourth Street, Room 411
    Tulsa, OK  74103-3819


on this the 16th day of April, 2025.


Cameron Kelly McAbee
Reg. No. 57353-509
United States Penitentiary Terre Haute
PO Box 33
Terre Haute, IN  47808

-7-

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,          )
                    Plaintiff,     )
                                   )    Case No. 21-CR-361
v.,                                )
                                   )
CAMERON KELLY McABEE               )
                    Defendant,     )

---

## AFFIDAVIT OF CAMERON KELLY McABEE

---

I, Cameron Kelly McAbee, hereby make the following statement
pursuant to 28 U.S.C. §1746 and the laws of perjury of the United
States of America:

For the first thirty-years of my life, I never had any exposure
to the criminal justice system.  So to say that I was, and still
am ignorant, would be a massive understatement.  I was forced
to put all of my faith and trust into the legal advice of my
attorneys, believing that lawyers should know best.  Looking
back, I can see how ignorant that was as well.

Before signing my plea agreement, my initial attorney, Travis
Horton, told me plainly that I would receive a sentence of "twenty
years at the most."  My subsequent counsel, John Dunn, confirmed
this notion, and although calculating my sentence two different
ways, still told me specifically that "there was a light at the

-1-

end of the tunnel," assuring me that I was to receive a sentence
of less than twenty years.  Dunn even showed me printed out Guide-
line calculations confirming what he had told me, consistent
with Horton's opinion as well.  At sentencing, Dunn even argued
for the sentence he advised me I would receive, and what he had
showed me in the printouts.  Dunn even told me on three separate
occasions that if I received a sentence that exceeded those Guide-
lines, I could appeal the sentence.  But he was adament that
I would just get the twenty years or less.

So not only did I believe, due to my lawyer's legal advice, that
I would receive a sentence of twenty years at the most, I also
believed that I retained my rights to appeal.  Had I been properly
advised that I was likely to receive a life sentence, and that
I was giving up all of my appeal rights, there is no doubt that
I would have proceeded to trial instead of pleading guilty.
I received no benefit from my plea agreement.  I do not believe
a sane person would sign a plea such as mine, unless they were
facing a death penalty, which I was not.

I hereby swear that the foregoing statements are true and accurate
to the very best of my ability, pursuant to 28 U.S.C. §1746.

Cameron Kelly McAbee
Reg. No. 57353-509
United States Penitentiary Terre Haute
PO Box 33
Terre Haute, IN  47808

-2-

Cameron Mc Intosh 57653591
USP Terre Haute
PO box 33
Terre Haute IN 47808

INDIANAPOLIS I
24 APR 2025

RECEIVED
APR 2 8 2025
Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

Clerk of the Court
Us District Court
333 West Fourth Street room 411
Tulsa OK   74103-3819

Postmarked 4/24/2025
21CR361-JFH
An

74103-3661599

FOREVER USA
FOREVER USA
FOREVER USA